[No. 8613.  Department One.  June 30, 1910.]

FRANK ROBERTS, *Appellant*, v. TACOMA RAILWAY & POWER
COMPANY, *Respondent*.[1]

PLEADINGS—AMENDMENT AT TRIAL—CONDITIONS—DISCRETION OF
COURT.  In an action for injuries sustained through an electric shock
alleged to have been caused by an electric current from an over-
head trolley wire not properly insulated, it is not an abuse of dis-
cretion to require a continuance as a condition for allowing the
complaint to be amended at the trial to allege that the current
came from "other overhead wires," the defendant having asked for
time to meet the new issue.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered March 13, 1909, upon the ver-
dict of a jury rendered in favor of the defendant, in an action
for personal injuries.  Affirmed.

*Govnor Teats, Hugo Metzler*, and *Leo Teats*, for appel-
lant.

*B. S. Grosscup* and *W. C. Morrow*, for respondent.

FULLERTON, J.—The appellant sued for personal injuries.
The trial resulted in a verdict and judgment against him,
and he appeals therefrom.

The allegations of the complaint setting forth the negli-
gence charged were as follows:

"(2)  That the said defendant's railway at 25th and Pa-
cific is an ordinary overhead wire system, the trolley being
attached on either side of the street by span wires which,
when not properly insulated, become charged with the electric
current from the trolley wire, which in turn charges the other
wires connecting the said span wire and becomes dangerous
to the people on the street and avenue.

"(3)  That on the 19th day of November, 1908, and for a
long time prior thereto, the said defendant was using a large
light pole belonging to the City of Tacoma, at the northwest

[1]Reported in 109 Pac. 605.

corner of 24th and Pacific Avenue, and upon which pole the city maintained an electric police call box for the purpose and use of the policeman on the beat in that locality. The said defendant herein had attached to the said pole, at about twenty feet from the ground, several span wires holding up the defendant's trolley wire, and said defendant allowed and permitted, through its carelessness and negligence, one of said span wires to become broken, and the said defendant carelessly and negligently wrapped the lower end of the said span wire around the pole next to the police call box, leaving the same exposed and dangerous to the plaintiff, as hereinafter set forth; that the said defendant carelessly and negligently allowed and permitted the insulation of its wires to be such as to allow and permit the said broken wire to become heavily charged with electricity from its said trolley wire, all to the danger, as hereinafter more fully set out.

"(4)  That on the 19th day of November, 1908, the plaintiff herein was in the employ of the city as a police patrolman upon the beat which includes the locality of 24th and Pacific Avenues, and under its employment, was required to report through the said police call box on the said pole at certain intervals; that at 8 o'clock p. m. on the said day he went to the said police call box to make his report, as was his duty, and, not knowing the dangerous condition of the said wire, the plaintiff undertook to step from the curb, after using the said police call box, onto the pavement, and placed his hand, as he thought, against the pole, and the plaintiff, without any fault on his part, touched the wire and came in contact with the wire of said defendant, as carelessly and negligently permitted to be and remain in such an exposed condition and position, whereby the plaintiff received a severe and great shock from the electricity which was there in said wire and which passed from the said wire into the body of the plaintiff through his right arm, shocking the plaintiff, throwing him to the pavement, maiming and injuring plaintiff for life."

These allegations were put in issue by the respondent, and the cause was set for trial to be had before a jury. On the day of the trial, after the jury had been impaneled and sworn, the appellant asked leave to amend his complaint by inserting therein an allegation to the effect that the broken span wire after it was wrapped around the pole became charged with

electricity from the appellant's trolley wire, "and other over-
head wires."

The respondent thereupon made the contention that the
amendment if allowed would introduce a new issue into the
case which it was not then prepared to meet, and opposed the
amendment unless a continuance should be granted it for a
sufficient time in which to prepare to meet the new issue.
Thereupon the court ruled that a new issue would be pre-
sented by the amendment, and announced that he would allow
the amendment only on condition that the respondent be
granted a continuance of sufficient time in which to prepare
itself to meet the new issue, and allowed the appellant to elect
whether he would proceed on the issues as framed or amend
and allow the case to be continued. The appellant excepted
to the court's ruling and elected to go to trial on the issues
as framed. During the course of the trial it was shown that
the electricity which charged the broken span wire probably
came from some other source than the appellant's trolley wire,
and the appellant again asked leave to amend his complaint
to make it correspond with the case he conceived the evidence
made in his favor. Leave was again denied him, and he again
excepted. The motion was for the third time renewed and
rejected at the conclusion of all of the evidence. The case
was then submitted to the jury under an instruction to the
effect that the jury could not find in favor of the appellant
unless they found that the current of electricity causing his
injury came from the respondent's trolley wire.

The appellant contends that the several rulings of the
court constituted error requiring reversal, but we are unable
to concur in this conclusion. The statute, it is true, allows
the trial court, in the furtherance of justice, and on such
terms as may be just, to permit an amendment to the plead-
ings at any stage of the proceedings, and justice requires
that the rule be liberally complied with. But its application
after all finally rests in the sound discretion of the trial
judge, to be reviewed only for manifest abuse. We cannot

say here that there was any abuse of discretion. The appellant was not denied his right to amend; it was allowed him upon terms which he refused to accept, and he cannot now be heard to complain unless the terms imposed were so unjust as to amount to an abuse of discretion on the part of the trial court. In our judgment the terms imposed were well within the court's discretion. Manifestly, a new issue would have been injected into the case by the amendment. The respondent was entitled to time in which to meet this new issue, and it would be too much to hold that a continuance of the cause to some subsequent jury session of the court would be an abuse of discretion.

The court did not err in its instructions to the jury. As given they covered the issues made by the pleadings, and could be erroneous only on the theory that the amendment asked for should have been allowed.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.